**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERALD C. VAUGHAN, JR.,          :
                                                   Civil Action No. 07-4142 (WJM)
        Petitioner,     :

        v.              :    **OPINION**

MICHELLE RICCI, et al.,          :

        Respondents.    :


**APPEARANCES:**

Petitioner pro se
Gerald C. Vaughan
New Jersey State Prison
Trenton, New Jersey 08625


**MARTINI**, District Judge

    Petitioner Gerald C. Vaughan, Jr., a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The respondents are Michelle Ricci and Attorney General Stuart Rabner.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Because the Petition is fatally deficient, this Court will dismiss it without prejudice.  See 28 U.S.C. § 2243.

## I.   BACKGROUND

Petitioner asserts that he was convicted in the Superior Court of New Jersey, Bergen County, on October 6, 1994, of Murder and related offenses.  The Superior Court of New Jersey, Appellate Division, affirmed on October 8, 1996.  The Supreme Court of New Jersey denied certification on February 5, 1997. State v. Vaughan, 148 N.J. 459 (1997).  Petitioner did not petition the Supreme Court of the United States for a writ of certiorari.

On a date not specified in the Petition, Petitioner filed a petition for post-conviction relief (the "PCR petition") in the trial court.  The trial court denied the PCR petition, and the Superior Court of New Jersey, Appellate Division, affirmed the denial of relief on February 7, 2002.  The Supreme Court of New Jersey denied certification on November 6, 2002.  State v. Vaughan, 175 N.J. 76 (2002).

On January 29, 2007, Petitioner filed his first federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Vaughan v. Ricci, Civil Action No. 07-0447 (JAG) (D.N.J.). By Order entered May 24, 2007, after an answer limited to the issues of timeliness and exhaustion had been filed, that petition

was dismissed without prejudice for failure to prosecute.[2]  This Petition, dated June 15, 2007, was received by this Court on August 29, 2007.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can

---

[2] Petitioner refers to the prior petition in his cover letter to this Petition.  In addition, this Court will take judicial notice of its docket in the prior habeas action.  See Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999) (federal court, on a motion to dismiss, may take judicial notice of another court's opinion, not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity).

dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2254, 2255.

### III.  ANALYSIS

#### A.  Failure to assert grounds for relief

The scope of habeas corpus for a prisoner in custody pursuant to the judgment of a state court is prescribed by statute.  Specifically, 28 U.S.C. § 2254 provides:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added).  To succeed in a § 2254 petition, a state prisoner must demonstrate that the state court adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In addition, Rule 2(c) of the Rules Governing Section 2254 Cases requires the petitioner to "specify all the grounds for

4

relief available to the petitioner [and to] state the facts supporting each ground."

This Petition is fatally deficient. Although Petitioner has used the required form petition, he has failed to assert <u>any</u> grounds for relief. <u>See</u> Petition at ¶ 12. Accordingly, the Petition must be dismissed without prejudice. <u>See</u> <u>Watkins v. Hedgpeth</u>, 2007 WL 2109255 (E.D. Cal. July 23, 2007). Petitioner will be granted leave to move to re-open by submitting an appropriate amended petition.

B. <u>Timeliness</u>

In addition, the Petition appears to be untimely. In any proposed amended petition, Petitioner must set forth facts establishing the timeliness of the Petition.

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[3] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
> 
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

---

[3] The limitations period is applied on a claim-by-claim basis. <u>See</u> <u>Fielder v. Verner</u>, 379 F.3d 113 (3d Cir. 2004), <u>cert. denied</u>, 543 U.S. 1067 (2005); <u>Sweger v. Chesney</u>, 294 F.3d 506 (3d Cir. 2002).

5

> pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153,

159 (3d Cir. 1999); <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1998).  Equitable tolling applies

> only when the principles of equity would make the rigid application of a limitation period unfair.  Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights.  The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims.  Mere excusable neglect is not sufficient.

<u>Miller</u>, 145 F.3d at 618-19 (citations and punctuation marks omitted).  Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition.  <u>Jones</u>, 195 F.3d at 159.  <u>See also</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

Finally, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for

8

mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

According to the allegations of this Petition, Petitioner's conviction became final on May 6, 1997, ninety days after the Supreme Court of New Jersey denied certification. Thus, the federal limitations period expired on May 6, 1998. Although Petitioner does not state the date when he filed his state-court petition for post-conviction relief, this Court notes that the same respondents in Petitioner's previous federal habeas petition filed an answer asserting that the PCR petition was filed on November 28, 1998. Thus, it appears that the federal limitations period expired before Petitioner's state PCR petition was filed; if so, the state PCR petition would not have tolled the limitations period, and this Petition would be time-barred.

Even if Petitioner could establish a basis for equitable tolling during the period between the date when the conviction became final and the filing of his state PCR petition, permitting the state PCR petition to statutorily toll the limitations period, it nevertheless appears that the limitations period expired no later than November 6, 2003, again, one year after the Supreme Court of New Jersey denied certification in the state PCR petition on November 6, 2002.

To establish timeliness, any proposed amended petition must specify the date on which the state PCR petition was filed and

9

also must establish a basis for equitable tolling during the periods (1) between the date the conviction became final and the filing of the state PCR petition, and (2) after the Supreme Court of New Jersey denied certification in the state PCR petition.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling.  No certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed without prejudice.  An appropriate order follows.

s/William J. Martini

_____
William J. Martini
United States District Judge

Dated: 9/7/07

11