**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

GERALD C. VAUGHAN, JR.,            :
                                                    Civil Action No. 07-4142 (WJM)
              Petitioner,       :

         v.                     :        **OPINION**

MICHELLE RICCI, et al.,           :

              Respondents.      :

**APPEARANCES:**

Petitioner pro se
Gerald C. Vaughan, Jr.
New Jersey State Prison
Trenton, New Jersey 08625

**MARTINI**, District Judge

     By Opinion and Order entered September 7, 2007, this Court denied without prejudice Petitioner's Petition for a writ of habeas corpus.  This matter is before the Court pursuant to Petitioner's Motion [5] for an extension of time to file an appeal.

### I.  DISCUSSION

     As stated above, this Court entered its Opinion and Order dismissing this Petition for writ of habeas corpus on September 7, 2007.  Thereafter, rather than filing a Notice of Appeal, Petitioner filed a Petition [4] for Writ of Certiorari to the United States Supreme Court.  That Petition for Writ of

Certiorari was dated November 11, 2007.  The Clerk of the Supreme
Court returned the Petition for Writ of Certiorari to Petitioner,
advising Petitioner that he must first appeal to the Court of
Appeals.  Thereafter, Petitioner filed this Motion [5] to file an
out-of-time notice of appeal.  The Motion is dated December 10,
2007.

Federal Rule of Appellate 4(a)(5) provides, in pertinent
part:

> (A) The district court may extend the time to file a
> notice of appeal if:
>     (i) a party so moves no later than 30 days after
> the time prescribed by this Rule 4(a) expires; and
>     (ii) regardless of whether its motion is filed
> before or during the 30 days after the time prescribed
> by this Rule 4(a) expires, that party shows excusable
> neglect or good cause.

Fed.R.App.P. 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that
a notice of appeal "must be filed with the district clerk within
30 days after the judgment or order appealed from is entered."
See also Browder v. Dir., Illinois Dept. of Corrections, 434 U.S.
257, 264 (1978).  In computing the filing date, intermediate
Saturdays, Sundays, and legal holidays are included in the
computation; a Saturday, Sunday, or legal holiday that is the
last day of the period is not included.  See Fed.R.App.P.
26(a)(2), (3); Jones & Laughlin Steel Corp. v. Gridiron Steel
Co., 382 U.S. 32 (1965).  When the petitioner is a prisoner
appearing pro se, the notice of appeal is considered filed at the

2

time the petitioner delivers it to prison authorities for forwarding to the district court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988); Fed.R.App.P. 4(c).

Here, the appeal period expired on Monday, October 8, 2007, thirty-one days after the Opinion and Order dismissing the Petition were entered on the docket.  The thirty-day deadline for filing a motion for extension of time to appeal expired on Wednesday, November 7, 2007.

Even if this Court were to liberally construe Petitioner's erroneous Petition for Writ of Certiorari as a motion for extension of time to appeal, it would be untimely, as it was not executed until November 11, 2007, four days after the deadline for filing a motion for extension of time to appeal. Accordingly, this Court cannot grant the motion for extension of time to appeal.

## II.  CONCLUSION

For the reasons stated herein, the Motion for extension of time to file a notice of appeal must be denied.  An appropriate order follows.

s/William J. Martini

_____
William J. Martini
United States District Judge

Dated: 12/26/07

3